```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ALABAMA
                           SOUTHERN DIVISION
```

JOHN M. ANDERSON, JR., et. al.,  }
                                 }
    Plaintiffs,                  }
                                 }      CIVIL ACTION NO.
v.                               }
                                 }      CV-01-AR-1978-S
A.J. GERRARD & COMPANY, et al.,  }
                                 }
    Defendants.                  }
                                 }
                                 }

**ENTERED OCT 31 2001**

## MEMORANDUM OPINION

    The court is faced with a unique set of procedural circumstances in this case. The original defendants, except Morrie Peterson, removed the case to this court from the state court based on their allegation of complete diversity of citizenship occasioned by what the removing defendants alleged to be plaintiffs' fraudulent joinder of Peterson, the only non-diverse defendant. The court initially granted the implied motion of Peterson to dismiss and on that basis denied plaintiffs' motion to remand. The court went further and granted the motion to dismiss contemporaneously filed by the removing defendants. The court, however, granted plaintiffs leave to amend their complaint to see if they could successfully describe defendants' alleged fraud with the particularity required by Rule 9(b). No leave was granted to amend the complaint to take another stab at stating a viable claim against Peterson. Nevertheless, plaintiffs filed an amended complaint which purports to reintroduce a claim against Peterson, and, in the hope that Peterson will again be a defendant, plaintiffs have renewed their motion to remand. Defendants not only object to plaintiffs' attempt to restate a claim against the non-diverse defendant, something that, if allowed, would



require a finding that this court lacks subject matter jurisdiction, but defendants have filed another motion to dismiss the entire action. This motion, in effect, says that the amended complaint is no better than the first. Defendants have also filed a motion to strike the affidavit of plaintiff, John M. Anderson, Jr., filed on October 25, 2001. The court deems this affidavit to constitute no more than window dressing and not to be outcome determinative. It will be ignored as will all of the other affidavits.

Plaintiffs rather obviously rely more on the alleged failure of defendants to inform them of the potential for an advantageous sale of plaintiffs' stock in A.J. Gerrard & Company than of any overt misrepresentation of material fact by any defendant preceding plaintiffs' sale of their stock. This means, of course, that plaintiffs, who conspicuously do not invoke any federal securities fraud statute, must allege facts out of which a duty under Alabama law arose requiring defendants, or some of them, to share information that plaintiffs say was known to defendants but was withheld from plaintiffs. Although defendants deny that they withheld from plaintiffs, either deliberately or accidentally, any pertinent information within any defendant's knowledge, this court cannot decide defendants' Rule 12(b)(6) and/or Rule 9(b) motion by resolving factual disputes relating to who had knowledge of what and when. For this reason, the court respectfully declines to consider affidavits, whether submitted by plaintiffs or by defendants. If the case were being decided under Rule 56 analysis, affidavits, or some of them, might provide undisputed facts upon which to base a dispositive ruling. Such is not the case here.

2

It is often difficult to draw the proper line between a plaintiff's feeling of "having been had" (something plaintiffs' counsel here describes as a "strong and sincerely held belief") that may or may not ever be fleshed out by concrete evidence of fraud, and allegations of actual fact based upon serious pre-suit investigation, allegations that, if proven by a preponderance of the evidence, would constitute actionable fraud. While circumstantial evidence can suffice to prove fraud, the acts constituting fraud must be set forth under the heightened pleading requirements of Rule 9(b) if a fraud claim is made.

Paragraph 6 of plaintiffs' amended complaint classically fails to meet the requirements of Rule 9(b). In that paragraph plaintiffs aver:

> The defendants disseminated false and misleading information regarding the financial condition and stock value of the Gerrard Company prior to the purchase of the Anderson Shares. Each were [sic] aware and recklessly disregarded that such false and misleading statements were being made by representatives of the Gerrard Company and relied upon by the Andersons.

This paragraph seems intended to claim both overt and vicarious misrepresentations of material fact, but it does not set forth (1) which defendant or defendants made a misrepresentation, (2) when and where particular misrepresentations were made, and (3) what the factual misstatements consisted of. The entire purpose and intent of Rule 9(b) would be frustrated if such a vague allegation of fraud were allowed to proceed.

Plaintiffs also rely upon a theory of suppression of material facts. Conspicuously, the amended complaint does not allege that plaintiffs asked any defendant about information that was allegedly suppressed. The law of Alabama does not allow a fraudulent suppression claim unless the

3

plaintiff asked the defendant to disclose information allegedly suppressed, that is, unless a confidential relationship existed out of which an affirmative duty to disclose arose.  *Keller v. Chastang*, 472 S.2d 1031, 1032 (Ala. 1985).  The mere fact that these defendants were officers or directors of the corporation in which plaintiffs owned stock did not create a confidential relationship out of which a duty of disclosure arose.  To place upon every corporate officer or director a duty to impart to every stockholder all information that might influence the stockholder's decision to sell or not to sell his stock, and at what price, would be a disastrous public policy.

The amended complaint is not improved by the following sentence appearing in paragraph 17:

> Precisely what information the defendants possessed but failed to disclose is presently unknown to the Andersons, but is likely to be ascertained after a reasonable opportunity for further investigation and discovery.

This is the very way of proceeding in a fraud case that Rule 9(b) was designed to prohibit.

The court concludes that defendants are correct in their contention that plaintiffs have not stated a cause of action for Alabama fraud within the requirements of Rule 12(b)(6) and/or Rule 9(b).  This is as true of the other defendants as it is of the former defendant, Peterson, who, under plaintiffs' allegations, construed most favorably to the pleaders, was the farthest in figurative distance away from the difference in the sales price received by plaintiffs and the price at which other stockholders later sold their stock.

A separate order of dismissal will be entered.

DONE this 31st day of October, 2001.

                                                                    /s/ William M. Acker
                                                                    WILLIAM M. ACKER, JR.
                                                                    UNITED STATES DISTRICT JUDGE