IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN M. ANDERSON, JR., et. al., } | |
| } | |
| Plaintiffs, } | CIVIL ACTION NO. |
| } | |
| v. } | CV-01-AR-1978-S |
| } | |
| A.J. GERRARD & COMPANY, et al., } | |
| } | |
| Defendants. } | |

**ENTERED**
NOV 20 2001

### MEMORANDUM OPINION

The court has for consideration the motion filed on November 7, 2001, by plaintiffs, John M. Anderson, Jr. and Edna Faye Anderson, to amend or alter the judgment that was entered on October 31, 2001, dismissing their action with prejudice.

Plaintiffs ask that their fraud action be dismissed **without prejudice** so that they can file it again when and if they are able to meet the requirements of Rule 9(b). The court sympathizes with what plaintiffs describe, with some reason, as the catch-22 faced by persons, like them, who think that they are, or may be, the victims of fraud, but are not sure of the particulars. The tension is palpable between the requirements of Rule 9(b) and Rule 11, on the one hand, and, on the other hand, the rule saying that the statute of limitations for a fraud claim begins to run at the moment a party has reason to believe that he is the victim of fraud. Defendants argue that these concepts are not in conflict. The court does not agree with defendants that the concepts are



readily reconcilable.  Instead, the court finds that Rule 9(b) predominates over any problem presented by the difficult-to-pinpoint date upon which a fraud cause of action accrues.  Simply put, the draftsmen of Rule 9(b) had in mind requiring a plaintiff who wants to charge fraud to be sure enough of his essential facts to allege them with particularity when his suit is filed.  To let such a plaintiff dismiss without prejudice when he cannot meet the requirements of Rule 9(b) and by doing so to avoid the bar of the statute of limitations, has some attractiveness, but the dilemma, if there is one, is one for which Rule 9(b) provides a harsh solution.   If blame is to be placed for plaintiffs' seeming dilemma, it must be placed on Rule 9(b).  Plaintiffs have not challenged the constitutionality of Rule 9(b), either on its face or in application to them, as a violation of "due process", that is, unless such a challenge is implicit in their motion, which will be denied by separate order.

    DONE this ___20th___ day of November, 2001.

                                       _____
                                       WILLIAM M. ACKER, JR.
                                       UNITED STATES DISTRICT JUDGE